UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**ALLEN DAVID DANIEL, #537193,**

    **Plaintiff,**

v.　　　　　　　　　　　　　　　　　　　Case No. 2:08-CV-10863
　　　　　　　　　　　　　　　　　　　　Honorable Victoria A. Roberts
　　　　　　　　　　　　　　　　　　　　Magistrate Judge R. Steven Whalen

**JENNIFER GRANHOLM, et. al.,**

    **Defendants.**
_____/

## OPINION AND ORDER SUMMARILY DISMISSING CIVIL RIGHTS COMPLAINT

I. Introduction

    This is a prisoner civil rights case under 42 U.S.C. §1983. Plaintiff is presently incarcerated at Baraga Maximum Correctional Facility in Baraga, Michigan. Plaintiff is proceeding without prepayment of the filing fee in this action under 28 U.S.C. §1915(a)(1). *McGore v. Wrigglesworth,* 114 F. 3d 601, 604 (6th Cir. 1997). For the reasons that follow, the complaint will be dismissed without prejudice.

II. Standard of Review

    28 U.S.C. § 1915(e)(2)(B) states:

Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that:

(B) the action or appeal:
(i) is frivolous or malicious;
(ii) fails to state a claim on which relief may be granted; or
(iii) seeks monetary relief against a defendant who is immune from such relief.

To successfully establish a *prima facie* case under §1983, a civil rights plaintiff must prove that the defendants acted under color of law and deprived the plaintiff of rights secured by federal law. *Block v. Ribar,* 156 F.3d 673, 677 (6th Cir. 1998), citing *Parratt v. Taylor,* 451 U.S. 527, 535 (1981). When, as here, a prisoner has been granted leave to proceed without prepayment of the filing fee for an action, his or her civil rights complaint against a government entity, officer, or employee may be dismissed in whole or in part if it: (1) is frivolous, malicious, or fails to state a claim for which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. *Smith v. Campbell,* 250 F.3d 1032, 1036 (6th Cir. 2001), citing 28 U.S.C. §§1915(e)(2) and 1915A. A complaint is frivolous if it lacks an arguable basis in law or in fact. *Nietzke v. Williams,* 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief could be granted when under any set of facts that could be proved consistent with the allegations of the complaint, there would remain no entitlement to relief. *Jones v. City of Carlisle,* 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. §1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by that person acting under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. Am.,* 102 F.3d 810, 814 (6th Cir. 1996). Because §1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under §1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver,* 510 U.S. 266, 271 (1994).

III. Discussion

Plaintiff's complaint is subject to dismissal for several reasons. First, to the extent that Plaintiff is seeking to have his criminal convictions vacated or set aside in this civil rights action, the civil rights complaint is subject to dismissal. Where a state prisoner is challenging the very fact

or duration of his or her physical imprisonment and the relief that he or she seeks is a determination that he or she is entitled to immediate release or a speedier release from that imprisonment, his or her sole federal remedy is a petition for writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Section 1983 cannot serve as a basis to challenge the fact of a plaintiff's criminal conviction; the proper instrument for bringing such a challenge would be either on direct appeal, a state post-conviction relief motion, or a petition for a federal writ of habeas corpus. See *Messa v. Rubin*, 897 F. Supp. 883, 885 (E.D. Pa. 1995); see also *Bey v. Gulley,* 2002 WL 1009488, * 2 (E.D. Mich. May 6, 2002). An action which is properly one for habeas relief does not state a cognizable claim under §1983. See *Benson v. New Jersey State Parole Bd.,* 947 F. Supp. 827, 831 (D.N.J. 1996).

When the effect of granting equitable relief under the civil rights statute would be to substitute § 1983 for a petition for writ of habeas corpus to attack a state court conviction, a prisoner fails to state a claim under § 1983. *Palmer v. Nebraska Supreme Court,* 927 F. Supp. 370, 371 (D. Neb. 1996) citing *Eutzy v. Tesar,* 880 F. 2d 1010, 1011 (8th Cir. 1989). A plaintiff therefore cannot seek declaratory or injunctive relief relating to his conviction in a §1983 action. *Nelson v. Campbell,* 124 S. Ct. 2117, 2122 (2004); *St. Germain v. Isenhower,* 98 F. Supp. 2d 1366, 1373 (S.D. Fla. 2000).

Since it appears from a review of Plaintiff's complaint, which is virtually unintelligible[1], that

---

[1] Plaintiff names sixteen (16) defendants, all of which, except Governor Jennifer Granholm, are either municipal, governmental, judicial or corporate entities, and makes a variety of claims against each defendant, including but not limited to fraud, conspiracy, defamation, false imprisonment, libel, false arrest, RICO violations, due process violations, violations of the Michigan Rules of Professional Conduct, corruption, illegal interception of mail service, etc.

he is asking this Court to reverse his criminal conviction,[2] his complaint would stand in habeas corpus, and not under the civil rights statute. Accordingly, the current defendants would therefore not be the proper respondents. See *Urrutia v. Harrisburg County Police Dept.,* 91 F. 3d 451, 462 (3rd Cir. 1996), citing to Rule 2(a), Rules Governing § 2254 Cases). Instead, the proper respondent would be Greg McQuiggan, the warden at the Baraga Maximum Correctional Facility.

Second, to the extent that Plaintiff is seeking to be released from custody, his action should have been filed as a petition for a writ of habeas corpus and not a civil rights suit under § 1983. This Court will not, however, convert the matter to a petition for a writ of habeas corpus. When a suit that should have been brought under the habeas corpus statute is prosecuted instead as a civil rights suit, it should not be "converted" into a habeas corpus suit and decided on the merits. *Pischke v. Litscher*, 178 F. 3d 497, 500 (7th Cir. 1999). Instead, the matter should be dismissed, leaving it to the prisoner to decide whether to re-file it as a petition for writ of habeas corpus. *Id.* This Court cannot treat Plaintiff's complaint as an application for habeas corpus relief because the Court has no information that the Plaintiff has exhausted his state court remedies, as required by 28 U.S.C. § 2254(b) & (c), to obtain federal habeas relief. *Parker v. Phillips,* 27 Fed. Appx. 491, 494 (6th Cir. 2001); *Robinson v. California Bd. of Prison Terms*, 997 F. Supp. 1303, 1308 (C.D. Cal. 1998). Moreover, upon the Court's review of the Offender Tracking Information System (OTIS) relative to the Plaintiff, he has convictions on June 2, 2005 and February 8, 2006. Therefore, the Court is

---

[2]Plaintiff states as follows: " . . . Allen David Daniel, respectfully request this Honorable Court to REVERSE and REMAND his conviction . . . [T]he accused is actually innocent of [these] hideous charged offenses and has been falsely convicted . . . The 'Gross Negligence, Malice, Prosecutorial Misconduct,' Ineffective Assistance of Counsel, Judicial Misconduct and Abuse of Discretion and Constitutional Errors resulted in a Manifest Injustice . . . The Plaintiff['s] Constitutional Rights to a fair trial never happened in this case." Comp. at 15.

also unaware of which conviction Plaintiff is disputing. Additionally, any habeas petition would be subject to dismissal because Plaintiff has failed to name the appropriate state official as the respondent. See *Clemons v. Mendez,* 121 F. Supp. 2d 1101, 1102 (E.D. Mich. 2000).

Finally, *Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994) clearly directs a federal district court to dismiss a civil rights complaint which raises claims that attack the validity of a conviction; it does not direct a court to construe the civil rights complaint as a habeas petition. See *Murphy v. Martin,* 343 F. Supp. 2d 603, 610 (E.D. Mich. 2004). When a prisoner's civil rights claim is barred by the *Heck v. Humphrey* doctrine, the appropriate course for a federal district court is to dismiss the claim for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3), rather than to dismiss the complaint with prejudice as being frivolous or for failing to state a claim. In that case because the former course of action is not an adjudication on the merits, it would allow the prisoner to reassert his claims if his conviction or sentence is latter invalidated. See *Murphy v. Martin,* 343 F. Supp. 2d at 609. Therefore, because this Court is dismissing Plaintiff's §1983 complaint under *Heck v. Humphrey*, the dismissal will be without prejudice. *Diehl v. Nelson*, 198 F. 3d 244, 1999 WL 1045076 (6th Cir. Nov.12, 1999), citing to *Fottler v. United States*, 73 F. 3d 1064, 1065 (10th Cir. 1996).

IV. Conclusion

Accordingly,

IT IS ORDERED that the "Complaint" [Doc. #1] is **DISMISSED WITHOUT PREJUDICE.**

IT IS FURTHER ORDERED that Plaintiff's "Expedited Motion to Waive Fees" [Doc. #3] is **DENIED as MOOT.**

5

IT IS FURTHER ORDERED that Plaintiff's "Motion for Relief" [Doc. #5] is **DENIED as MOOT.**

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: June 16, 2008

The undersigned certifies that a copy of this document was served on the attorneys of record and pro se plaintiff by electronic means or U.S. Mail on June 16, 2008.

s/Carol A. Pinegar
Deputy Clerk